

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **PAK-PETRO INC.,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CASE NO. 1:12-CV-247** |
| | § | |
| **AMERICAN WESTERN HOME** | § | |
| **INSURANCE COMPANY and** | § | |
| **LISA CARROLL,** | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and the Local Rules for the United States District Court for the

Eastern District of Texas, the District Court referred this matter to the undersigned United States

Magistrate Judge, at Beaumont, Texas, for entry of findings and recommendation on case-

dispositive motions and determination of non-dispositive matters.[1]  Pending before the Court for

---

[1] 28 U.S.C. § 636 directs against magistrate judges disposing of claims or defenses absent the consent of all parties.  No definitive Supreme Court or Fifth Circuit decision ultimately holds that an order on a motion to remand is case-dispositive under the magistrate judge statute, 28 U.S.C. § 636.  Other courts, including United States Magistrate Judge Earl S. Hines in this district, have concluded that a magistrate judge may rule on a motion to remand at least when review by the District Judge is not foreclosed.  *See, e.g., Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 971-972 (E.D. Tex. Sept. 9, 2010). As Judge Hines explained in *Escuadra*, both parties can secure district judge review of any order entered by the magistrate judge.  *Id.* at 972.  Furthermore, the Local Rules for the Eastern District provide that in the event a motion to remand is granted, the Clerk of Court shall not transmit the case file back to the state court any
(continued...)

purposes of this report are the plaintiff's *Opposed Motion to Remand* (doc. #9) and defendant Lisa Carroll's *Motion to Dismiss for Failure to State a Claim* (doc. #7).

## I.     Background

### A.     Claims Pled in State Court and Removal

On April 10, 2012, the plaintiff, Pak-Petro, Inc., ("plaintiff" or "Pak-Petro") filed its Original Petition in the 260th Judicial District Court of Orange County, Texas, against defendants American Home Western Insurance Company and Lisa Carroll. *See Plaintiff's Original Petition, filed with Notice of Removal* (doc. #1-3). According to the facts set forth in the Original Petition, Pak-Petro is a corporation whose principal place of business is in Port Arthur, Texas, in Jefferson County, Texas. *See Original Petition*, at p. 1. Plaintiff states that defendant American Western Home Insurance Company ("American Western") is an Oklahoma insurance company registered to engage in the business of insurance in the State of Texas. *Id.* It also avers that Lisa Carroll ("Carroll") is a licensed Texas insurance adjuster located in San Antonio, Texas. *Id.* at p. 2. In the Notice of Removal, American Western states that it is an Ohio corporation with its principal place of business in Amelia, Ohio. *See Notice of Removal* (doc. #1). Therefore, American Western is a citizen of Ohio. In the Notice of Removal, American Western also contends that although Carroll

---

[1](...continued)
sooner than the twentieth day following entry of the order. *See* E.D. TEX. R. CV-83(b). This time period allows the parties to object to any ruling by the magistrate judge under 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72 before remand occurs. Accordingly, on a motion to remand, this Court would normally elect to issue an order rather than a report and recommendation on the remand issue. This case, however, presents other issues which contemplate the dismissal of a non-diverse defendant as put at issue by the pending motion to dismiss. Because the dismissal of a party is case-dispositive, the undersigned is issuing a report and recommendation to the District Court rather than an order in this instance.

is a citizen of Texas, her citizenship should be disregarded because she was fraudulently joined. *Id*. at p. 2.

In the Original Petition, plaintiff states that it owns a commercial property in Bridge City Texas, which was insured by American Western under Texas Commercial Policy number ZM0823438G. *See Original Petition*, at p. 2. Plaintiff avers that it was the mortgagee/additional insured under the policy. *Id.* Plaintiff submitted a wind damage claim to defendants with a date of loss of September 13, 2008, and defendants assigned a claim number to the plaintiff's claim. *Id.* at p. 3. Plaintiff states that defendants performed an initial inspection and subsequent payments were made on the claim. *Id.* However, plaintiff requested that the claim be reopened because "the claim payments were severely deficient to cover the damage to the structure sustained as a result of Hurricane Ike." *Id.* Plaintiff alleges that the defendants failed to adjust the claim and summarily denied the claim without an adequate investigation. *Id.* Plaintiff contends that its claim remains unpaid and that it made repeated demands to defendants to properly evaluate the claim prior to it having to obtain counsel. *See id.*

Plaintiff next contends that the defendants wrongfully denied its claim even though the policy provided coverage for losses suffered by plaintiff and defendants "failed to perform its [sic] contractual duty to adequately compensate Plaintiff under the terms of the policy." *Id.* Plaintiff further alleges that the defendants failed and refused to pay the full proceeds of the policy even though demand was made. *See id.* Plaintiff then goes on to assert allegations regarding defendants' misrepresentations; failure to make attempts to settle the plaintiff's claims; failure to explain the reasons for their offer of inadequate settlement; failure to affirm or deny coverage; and failure to

fully compensate the plaintiff, all alleged to be in violation of the Texas Insurance Code, Section 541.060. *See id.* at p. 4.

Based on these allegations, the plaintiff asserts causes of action for breach of contract and breach of fiduciary duty against defendant American Western. Against both defendants, plaintiff claims for violations of the Texas Insurance Code, Sections 541.051, 541.060, 541.061, as well as Chapter 542 of the Texas Insurance Code which governs the prompt payment of claims. Plaintiff also claims for violations of the Texas Deceptive Practices-Consumer Protection Act (DTPA).

On May 21, 2012, American Western filed its Notice of Removal in this federal court. Specifically, American Western contends that removal is proper under 28 U.S.C. § 1332(a) because there is complete diversity as the plaintiff is citizen of Texas, American Western is an Ohio citizen, and Lisa Carroll, a Texas citizen, was improperly joined as a defendant. *See Notice of Removal*, at pp. 2-3. More specifically, American Western contends that there is no arguably reasonable basis for predicting that state law might impose liability on Carroll and the petition does not set forth a viable claim under state law against Carroll. *Id.* at p. 5. American Western also avers that the requisite amount in controversy is met based on the plaintiff's demand letter to American Western in which Pak-Petro seeks approximately $539,231.09 in damages. *Id.* at p. 2.

B.     Motion to Remand

On June 15, 2012, plaintiff filed its *Opposed Motion to Remand and Memorandum in Support* (doc. #9). The plaintiff reasserts its allegations against defendants in its motion and contends that removal is improper. Plaintiff states that "Carroll was the primary contact for Plaintiff throughout the claims process and has firsthand knowledge about the condition of Plaintiff's property and the contents therein following the covered loss." *See Motion to Remand*,

at p. 3. Plaintiff contends that the Court lacks subject matter jurisdiction and Carroll is properly joined because (1) Plaintiff has valid causes of action against her and (2) the facts alleged in the petition are sufficient to establish valid causes of action against her. *See Motion to Remand*, at p. 4. Plaintiff argues that American Western has not carried its burden in establishing that there is no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant, Carroll. *See id.* at pp. 5-8. Plaintiff then cites several district court cases in support of its argument that it has a viable cause of action against Carroll. *Id.* at pp 9-16.

American Western responded in opposition to the motion to remand (doc. #12). Defendant generally argues that the plaintiff has filed a "form" or "canned" petition which has previously been held deficient under Texas pleading standards. *See Response*, at p. 1. American Western points out that defendant Carroll is only specifically named in 3 of the 48 paragraphs contained in the Original Petition. *Id*. American Western next argues that the plaintiff's motion to remand is also a "form" and that it misstates the proper basis for an improper joinder analysis. *Id.* at p. 2. Defendant contends that the plaintiff failed to state a claim against Carroll which satisfies the fair notice pleading standard because the petition lacks factual allegations against her. *Id*. American Western also argues that the burden of satisfying the pleading standard is on the plaintiff, not defendant. *Id.* at p. 4. Finally, American Western reiterates the argument that plaintiff's "near-verbatim" recitation of portions of the Texas Insurance Code and lumping together "defendants" is insufficient to create a colorable claim against Carroll. *Id.* at p. 6.

C.      Motion to Dismiss

American Western also presents its arguments regarding the alleged insufficiency of the claims pled against Carroll in a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *See*

*Defendant Lisa Carroll's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for Failure to State a Claim* (doc. #7). American Western generally argues that plaintiff's pleading fails to satisfy the requisite pleading standards and does not provide Carroll fair notice of the claims against her; plaintiff has lumped together Carroll with the other defendant and does nothing more than track the statutory language; the pleading does not contain any facts showing that the plaintiff has a plausible right to relief against Carroll; the applicable statute of limitations bar recovery against Carroll; and plaintiff lacks the requisite standing to pursue claims against Carroll under the Texas Insurance Code. *See Motion to Dismiss*, at p. 7.

Plaintiff responded in opposition (subject to the motion to remand), generally contending that it has provided Carroll adequate notice of the claims against her. *See Response to Defendant Lisa Carroll's Motion to Dismiss* (doc. #11). Plaintiff goes on to cite cases in support, most of which are also referenced in its motion to remand. *Id.* at pp. 3-7. Pak-Petro then argues that its claims are not time-barred and that it has the requisite standing to sue Carroll under the Texas Insurance Code. *Id.* at pp. 11-12.

Defendant then filed its reply in support of dismissal, again arguing that plaintiff has failed to state a claim against Carroll upon which relief can be granted. *See Reply Brief* (doc. #14). It also reasserts its arguments regarding standing to sue and that the claims against Carroll are time-barred. *Id.* at pp. 3-6.

## II.    Discussion:    Relevant Legal Standards

A.    General Jurisdiction and Remand Procedure

This Court is of limited jurisdiction and may hear a case only when jurisdiction is both authorized by the United States Constitution and confirmed by statute. *Owen Equip. Co. v. Kroger*,

437 U.S. 365, 371 (1978); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *In re Bissonnet Invs. L.L.C.*, 320 F.3d 520, 525 (5th Cir. 2003).  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Kokkonen*, at 377.

Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)).  Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1331, 1332.   In cases where there is no federal question involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332, *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010).  Title 28, United States Code, Section 1441(b) permits a defendant to remove an action to federal court based on diversity of citizenship.[2]  Only citizenship of properly joined parties can establish federal subject matter jurisdiction.  *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 572 (5th Cir.) (en banc), *cert. denied* 544 U.S. 992 (2005).

The removing party bears the burden of showing that federal jurisdiction exists and removal was proper.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De*

---

[2] "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" Title 28, United States Code, Section 1441(b) (emphasis added).

*Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5ᵗʰ Cir.), *cert. denied,* 516 U.S. 865 (1995); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006) (the party asserting federal jurisdiction when it is challenged has the burden of establishing it); *Peoples Nat. Bank v. Office of Comptroller of Currency of U.S.*, 362 F.3d 333, 336 (5ᵗʰ Cir. 2004) (citing *Pettinelli v. Danzig,* 644 F.2d 1160, 1162 (5ᵗʰ Cir.1981)).  The removing party's burden is a "heavy" one.  *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res*., 99 F.3d 746, 751 (5ᵗʰ Cir. 1996).  Ambiguities and doubts should be construed against removal because the removal statute should be strictly construed in favor of remand.  *Manguno*, at 723.  Title 28, United States Code, Section 1447(c) authorizes motions to remand to the state court if the removal was defective.[3]

When determining whether jurisdiction is present and removal is proper, the Court is to consider the claims as alleged in the state court petition as they existed at the time of removal.  *Manguno*, at 723 (citing *Cavallini v. State Farm Mut. Auto Ins. Co,* 44 F.3d 256, 264 (5ᵗʰ Cir. 1995)).  Because the petition as filed in state court controls the inquiry, post-removal filings may not be considered when or to the extent that they present new causes of action or theories.  *First Baptist Church of Mauriceville v. Guideone Mutual Insurance Co.*, No. 1:07-CV-988, 2008 WL 4533729, 2008 U.S. Dist. LEXIS 75961, at *9-*10 (E.D. Tex. Sept. 29, 2008) (Hines, J.) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5ᵗʰ Cir. 1999); *Cavallini,* 44 F.3d at 264); *see also Doddy v. Oxy USA, Inc*., 101 F.3d 448, 456 (5ᵗʰ Cir. 1996) (jurisdiction is fixed at time of removal).

---

[3] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Title 28, United States Code, Section 1447(c).

B.    Improper Joinder

In the case at bar, complete diversity is lacking because at the time of removal there was at least one non-diverse defendant.  Thus, to establish the existence of diversity jurisdiction, defendants must show that the non-diverse defendant were improperly or fraudulently joined to this action.  *See Heritage Bank v. Redcom Labs., Inc*., 250 F. 3d 319, 323 (5th Cir.), *cert. denied* 534 U.S. 997 (2001).  The doctrine of improper joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant.  *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction.  *Smallwood*, 385 F.3d at 572.

In *Smallwood,* the Fifth Circuit stated that "the doctrine of improper joinder rests on these statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood*, 385 F.3d at 573.  Since the purpose of the improper joinder inquiry is to determine whether the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiffs' case.  *Id.*  Given this focus, *Smallwood* recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.*  Quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

The party claiming improper joinder must prove that the plaintiff's petition fails to establish a valid cause of action against the non-diverse party.  *Id.*  In other words, the removing party must prove that there is no reasonable possibility that the plaintiff will be able to establish a cause of

action against the party in state court. *Id*. This approach focuses on whether the plaintiff has asserted a valid state-law cause of action against the non-diverse defendant. *Id*. As the Fifth Circuit further explained in *Smallwood*, the test for determining the ability of the plaintiff to establish a cause of action against the non-diverse party in state court hinges upon there being "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Put another way, "there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Menendez v. Wal-Mart Stores*, No. 09-40993, 364 F. App'x 62, 69 (5th Cir. Feb. 1, 2010) (quoting *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)) (emphasis and quotation marks in original). As stated herein, the determination of improper joinder must be based on an analysis of the causes of action alleged at the time of removal. *See Cavallini*, 44 F.3d 264. The court must evaluate all the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff and construe all disputed questions of fact and ambiguities of law in the plaintiff's favor. *See Ross v. Citifinancial, Inc.*, 344 F.3d 458, 463 (5th Cir.), *cert. denied* 546 U.S. 813. The court must distinguish an attack on the overall merits of the case from a showing that the defendants were improperly joined. *See Smallwood*, 385 F.3d at 573. A meritless claim against a non-diverse defendant is not the equivalent of improper joinder. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

In determining whether there is a reasonable basis to predict the plaintiff might recover against a defendant under state law, a court may resolve the issue in one of two ways. *Smallwood*, 385 F.3d at 573. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law

against the in-state defendant. *Id.* There are cases, however, in which a further summary inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573-74. The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell*, 509 F.3d at 669 (citing *Ross*, 344 F.3d at 462); *see also Travis*, 326 F.3d at 648-49. The decision to pierce the pleadings is discretionary. *Smallwood*, 385 F.3d at 573; *see also McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004); *Travis*, 326 F.3d at 649.

C. Pleading Requirements and Improper Joinder

In evaluating a plaintiff's petition and the facts alleged therein for purposes of determining improper joinder, in the past this Court had utilized a Rule 12(b)(6) analysis, applying the federal pleading standards articulated by the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In *Twombly* and *Iqbal*, the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). As other courts have recognized, there is a tension between the federal pleading-sufficiency standard and the more liberal Texas notice pleading rules. *See First Baptist Church*, 2008 U.S. Dist. LEXIS 75961, 2008 WL 4533729, at *4, n.6; *see also Centro Cristiano Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, 2011 U.S. Dist. LEXIS 6541, at *44-*45 (S.D. Tex. Jan. 20, 2011) ("[t]he issue of improper joinder here is complicated by the substantial difference in pleading

standards between Federal and Texas Rules of Civil Procedure. Pleading standards are far more lenient in Texas state court [.]")

In contrast, Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). A petition is sufficient if it gives fair and adequate notice of the facts upon which a pleader bases his claim. *Id.* The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense. *Id.* The test of the "fair notice" pleading requirement is whether an opposing attorney of reasonable competence, with pleadings before him, can ascertain [the] nature and basic issues of controversy and testimony probably relevant. *City of Alamo v. Casas*, 960 S.W.2d 240, 251 (Tex. App.–Corpus Christi 1997, pet. denied). A petition is sufficiently pled if one can reasonably infer a cause of action or defense from what is specifically stated. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993). Under Texas law, a pleading is liberally construed in favor of the pleader. *Id.* at 602.

A review of recent cases issued by district courts within this Circuit - specifically other courts dealing with a heavy Hurricane Ike docket and faced with many of the same issues - lead the undersigned to rethink the applicable pleading standard. *See, e.g, Myers v. Allstate Texas Lloyd's*, No. 1:10-CV-172, 2011 U.S. Dist. LEXIS 23081 (E.D. Tex. March 8, 2011) (Giblin, J.). This Court has since concluded that the Texas notice pleading requirements should apply.

As guidance, this Court looks to United States District Judge Lee Rosenthal's opinion in *Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 WL 5099607, 2010 U.S. Dist. LEXIS 129582 (S.D. Tex. Dec. 8, 2010). After a thorough evaluation of the case law on the issue, Judge Rosenthal

concluded that "neither *Smallwood* nor *Griggs* requires a district court to test the sufficiency of a state court petition under *Twombly* and *Iqbal* in conducting an improper joinder analysis when the state-court pleading standards are more lenient." *Edwea*, 2010 U.S. Dist. LEXIS 129582, at *18. In support, the *Edwea* court points out that "the majority of courts have held that a federal court should not look to the federal standard for pleading sufficiently under Rule 8 and 12(b)(6) to determine whether the state-court petition provides a reasonable basis for predicting that the plaintiff could recover against the in-state defendant at least when, as here, the state pleading standard is more lenient." *Id.* at *12-*13. Judge Rosenthal then goes on to cite approximately thirteen other cases in support. *Id.* at *13-*16. She also points out that the oft-cited statement from *Griggs* requiring a "factual fit" between the plaintiffs' allegations and the pled theory of recovery was not made in the context of a Rule 12(b)(6) analysis of an improper joinder argument, but rather was made in the context of the summary judgment-like procedure sometimes utilized in improper joinder cases. *Id.* at *11-*12. Judge Rosenthal explains that *Griggs*, like *Smallwoo*d , was decided pre-*Twombly* and pre-*Iqbal*, and *Griggs* does not actually provide guidance on whether the federal pleading standard applies to a motion to remand based on improper joinder when that motion is analyzed based solely on the state-court petition. *See id.* at *12.

This approach seems the most practical, as applying the *Iqbal* federal pleading standard to the improper joinder analysis makes little sense given that the plaintiff filed the action in state court and was not required to comply with federal pleading standards at the time of filing. *See id.* at *18 (quoting *Kongelf v. Sears Holding Corp.*, No. 4:09-cv-038, 2010 U.S. Dist. LEXIS 58323, 2010 WL 1977833, at *3 (D.N.D. Apr. 7, 2010)); *see also Murphy v. Broyhill Furniture Indus., Inc.*, 3:09-CV-2092, 2009 U.S. Dist. LEXIS 46704, 2009 WL 1543918, at *5 (N.D. Tex. June 2, 2009)

("The central issue is the adequacy of the claim against [the defendant] under Texas law. If Defendants wish to challenge the specificity of Plaintiffs' allegations, they must do so in state court.") Because the original petition here was pled in state court in accordance with the Texas pleading standard, it would be unfair to hold it to the more stringent standard in federal court. *See Centro Cristiano*, 2011 U.S. Dist. LEXIS 6541, at *48. United States District Judge Marcia A. Crone - the District Judge assigned to this case - has also applied the Texas pleading standard. *See, e.g., Williams v. Williams*, No. 1:10-CV-783 (E.D. Tex. March 9, 2011) (doc. #16); *Simon v. State Farm Lloyds*, No. 1:10-CV-821 (E.D. Tex. April 1, 2011) (doc. #9). Accordingly, the Court will consider the Texas fair notice pleading standard rather than the stricter Rule 8/*Iqbal*/*Twombly* federal pleading standard when reviewing the sufficiency of the plaintiff's claims as pled in the Original Petition under the *Smallwood* improper joinder analysis.

### III.     Discussion: Application to Plaintiff's Claims

A.     Is the non-diverse defendant a "person" subject to liability within the meaning of the Texas Insurance Code?

Section 541.003 of the Texas Insurance Code states that "[a] person may not engage in . . . an unfair or deceptive act in the business of insurance." The word "person," however, does not refer to just anyone. Section 541.002(2) of the Texas Insurance Code defines a person as "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor." TEX. INS. CODE. § 541.002(2). The Insurance Code accordingly provides that an "adjuster"[4] is included under the definition of

---

[4]In pertinent part, the Texas Insurance Code defines an adjuster as "an individual who... investigates (continued...)

"person." *Id. See also Jones v. Ace American Ins. Co.*, No. 1:06-CV-616, 2006 WL 3826998, 2006

U.S. Dist. LEXIS 93346, at *16-*17 (E.D. Tex. Dec. 22, 2006) (Crone, J.)  Hence, an insurance

adjuster, much like an insurance agent, can be subject to suit under the Insurance Code.  *Jones*, at

*17 (citations omitted).  Texas law clearly authorizes causes of action under the Insurance Code [5]

against insurance adjusters in their individual capacity.  *Gasch* , 491 F.3d at 282 (citing *Liberty*

*Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485-86 (Tex. 1998)).[6]

Although insurance adjusters, as a general rule, are subject to liability under the Insurance

Code, the Court must determine whether the individual defendant in this case is a person

specifically engaged in the business of insurance with regard to the plaintiff's claims.  *Jones,* at *18.

Plaintiff's petition specifically states that Carroll is a licensed Texas insurance adjuster.  *See*

*Original Petition*, at p. 2.  Taking the statements in the petition about these Carroll and her alleged

---

[4](...continued)
or adjusts losses on behalf of an insurer as an independent contractor or as an employee of ...an insurer... [or] supervises the handling of claims." TEX. INS. CODE § 4101.001(a).

[5]The Texas Supreme Court's opinion in *Garrison* interpreted provisions of Article 21.21 of the Texas Insurance Code, the predecessor statute to the sections of the Insurance Code at issue here.  Article 21.21 was recodified as Chapter 541, effective April 1, 2005.  *See* Act of June 21, 2003, 78th Leg., R.S., ch. 1274, § 1 (2003).  The Texas Supreme Court has since noted that the Texas Legislature's recodification of the Texas Insurance Code involved "nonsubstantive revisions renumbering and reorganizing the Insurance Code." *Farmers Group, Inc. v. Lubin*, 222 S. W.3d 417, 422 n.11 (Tex. 2007).  As no material changes were made in the provisions relevant to this suit, the Court will cite to the current Code.  *See Mayorga v. Gov't Employees Ins. Co.*, No. C-09-339, 2010 WL 300350, 2010 U.S. Dist. LEXIS 4023 at *2 n.1 (S.D. Tex. Jan. 20, 2010) (citing *Lubin*, 222 S.W. 3d at 422 n.11 with regard to Chapter 541 of the current Code).

[6] In *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, the Texas Supreme Court determined that independent agents and brokers, as well as employees of insurance companies are "persons" under the Texas Insurance Code. 966 S.W.2d 482, 485-86 (Tex. 1998).  However, the Texas Supreme Court emphasized that "not every employee of an insurance company is a 'person' under [the Insurance Code] subject to suit."  *Id.* at 486  To come within the statute, an employee must engage in the business of insurance.  *Id.*  An employee who has no responsibility for the sale or servicing of insurance policies and no special insurance expertise, such as a clerical worker or janitor, does not engage in the insurance business for purposes of Section 541 liability.  *Id.  See also Mayorga*, 2010 U.S. Dist. LEXIS 4023 at *7.

-15-

role as an adjuster as true,[7] the Court finds that she may be considered a person engaged in the business of insurance.  The defendants do not dispute this.  *See Response to Motion to Remand*, at p. 2 ("American Western has never suggested that Carroll is not a person under the Texas Insurance Code.")

B.    Does the state court petition allege sufficient facts to support a cause of action against the non-diverse defendant?

Other courts have concluded that a non-diverse defendant was not improperly joined on Texas Insurance Code claims when a plaintiff's pleading ascribed specific conduct to the defendant, such as misrepresenting that a policy covers plumbing leaks and thereafter hiring a biased engineer[8]; misrepresenting that a policy provides 100 per cent coverage against mold damage[9]; misrepresenting that defendant was present at plaintiff's home to inspect mold damage and that mold damage did not exceed plaintiff's deductible[10]; and "fail[ing] to commission a reasonable engineering inspection and indoor air quality investigation of the plaintiffs' home"[11].

Here, each of the plaintiff's contentions regarding unfair settlement practices and the failure to effectuate the prompt payment of claims closely tracks the language of the various provisions of

---

[7]*See Travis*, 326 F.3d at 649 (the court must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff).

[8] *Clark v. State Farm Lloyd's*, No. 3:01-cv-1471, 2001 U.S. Dist. LEXIS 19304, 2001 WL 1516762 (N.D. Tex. Nov. 26, 2001).

[9] *Hernden v. State Farm Lloyd's,* No. SA-05-CA-1103, 2006 U.S. Dist. LEXIS 16190,  2006 WL 870663 (W.D. Tex. Mar. 02, 2006).

[10] *Martin v. Chubb Lloyds Ins. Co. of Texas*, 2004 WL 2526425 (W.D. Tex, Oct. 21, 2004).

[11] *Killion v. Allstate Texas Lloyd's Co., et al.*, 2004 WL 612843, at *6 (S.D. Tex., Feb. 25, 2004).

the Texas Insurance Code.[12]  *See Original Petition*, at pp. 3-5.  Missing from plaintiff's pleading are specific factual allegations linking any conduct by Carroll to an alleged wrongdoing which rises to the level of violations of the Insurance Code.  Plaintiff does not state what she specifically *said* or *did* in violation of Texas law.  There is no pled individual conduct attributable to Carroll in the pleading.  The single mention of her individually is the statement that she is an insurance adjuster. *See Original Petition*, at p. 2.  Plaintiff's pled statements only amount to boilerplate contentions that Carroll violated the Texas Insurance Code without giving notice as to how her words, actions or inactions comprise such violations.

This case is distinguishable from others in which this Court has granted remand.  Here, there are no factual allegations which go beyond formulaic, near-verbatim recitations of the Code provisions. [13]  *Compare Jordan v. Allstate Texas Lloyd's*, Case No. 1:10cv476 (doc. #34).  In this

---

[12]The Texas Insurance Code, Unfair Settlement Practices, states, in relevant part:
"It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
(1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
  (A) a claim with respect to which the insurer's liability has become reasonably clear;
                                        ***
(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
(4) failing within a reasonable time to:
  (A) affirm or deny coverage of a claim to a policyholder; or
  (B) submit a reservation of rights to a policyholder... [and]
(7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;" TEX. INS. CODE ANN. § 541.060(a)(1),(2)(A),(3), (4)(A)&(B), and (7) (West 2009).

The Texas Insurance Code provisions governing Prompt Payment of Claims also set forth certain obligations on the insurer in processing claims and penalties for failing to comply with those legal obligations.  *See* TEX. INS. CODE §§ 541.051-061 (West Supp. 2012).

[13] *See Lakewood Chiropractic Clinic v. Travelers Lloyds Insurance Co.*, No. H-09-1728, 2009 WL 3602043, 2009 U.S. Dist. LEXIS 99854, at *9 (S.D. Tex. Oct. 27, 2009) (finding that allegations which are
(continued...)

case, Pak-Petro's claims against Carroll do not rise above a recitation of statutory language couched as facts. Furthermore, the pleading in this case lumps a diverse and a non-diverse defendant together in undifferentiated liability averments of a petition. *See Doucet v. State Farm Fire and Cas. Co.,* No. 1:09-CV-142, 2009 WL 3157478, 2009 U.S. Dist. LEXIS 89106, at *18-*19. (E.D. Tex. Sept. 25, 2009) (Hines, J.) The non-diverse defendant is grouped with the insurer defendant collectively and referred to as "defendants" throughout the petition. Courts have found this to be insufficient to provide a reasonable basis for recovering from the adjuster. *See Taj Properties, LLC v. Zurich Am. Ins. Co.*, No. H-10-2512, 2010 WL 4923473, 2010 U.S. Dist. LEXIS 125357, at *11-*12 (S.D. Tex. Nov. 29, 2010) ("[a]llegations merely asserted against "Defendants" without alleging what facts are attributable to the adjuster individually as opposed to the insurance company do not provide a reasonable basis for recovering from the adjuster"). The conclusory statements do not set forth a specific connection between Carroll and the alleged statutory violations. Under the Texas pleading standards, Carroll must be put on fair notice of the allegations against her, including the facts and alleged conduct giving rise to the alleged Insurance Code violations. *See Lakewood*, 2009 U.S. Dist. LEXIS 99854, at *9. The defendant should not have to glean the factual basis of the alleged causes of action from a list of ambiguous legal conclusions. *Id.* at *10. The plaintiff fails to plead conduct attributable to Carroll directly and individually. To create a reasonable basis for recovery, whether viewed through the lens of either the federal or Texas pleading standard, the petition must at the least allege specific conduct attributable to the adjuster

---

[13](...continued)
solely "near-verbatim" recitations of the Insurance Code are insufficient to state a claim against individual defendants because there were no facts alleging what acts were attributable to those defendants).

herself. *Moore v. State Farm Mut. Auto. Ins. Co.*, No. H-12-1539, 2012 WL 3929930, 2012 U.S. Dist. LEXIS 127564, at *17 (S.D. Tex. Sept. 6, 2012).

The undersigned accordingly concludes the defendant has carried its burden in establishing that there exists "no reasonable basis...to predict that the plaintiff might be able to recover" against the non-diverse defendant. *Smallwood*, 385 F.3d at 573. Accordingly, the Court finds that the plaintiff's claims against Carroll under the Texas Insurance Code fail as pled for purposes of remand and she was improperly joined on these claims under the relevant analysis. Remand should be denied in this regard.

C.      DTPA Claims

As stated above, the plaintiff also asserts a DTPA cause of action against all defendants pursuant to the DTPA "tie-in provision for Insurance Code [v]iolations." *See Original Petition*, at pp. 9-10. The plaintiff states that it was a consumer who purchased services "from the Defendant." *Id.* at p. 9. The Original Petition then goes on to allege specific violations of the DTPA by restating statutory language. *Id.* at p. 10. *See also* Tex. Bus. & Comm. Code Ann. § 17.46(b) (West Supp. 2010).

Insureds can bring claims under the DTPA only if the claims are based on actions enumerated in Section 17.46(b) of the DTPA (Tex. Bus. & Comm. Code. § 1746(b)). *See* Tex Ins. Code § 541.151(2). Section 17.46 of the DTPA makes certain false, misleading, or deceptive acts or practices unlawful and subject to action by the consumer. *See* Tex. Bus. & Comm. Code Ann. § 17.46(a) (West Supp. 2010). Section 17.46 outlines a "laundry list" of what constitutes false, misleading or deceptive acts or practices prohibited by the DTPA. *Id.* at § 17.46(b); *see also* O'Connor's Texas Causes of Action 216 (2012).

Here, the plaintiff is alleging that the defendants collectively violated certain provisions of the "laundry list" of prohibited acts under Section 1746.(b). However, as with the other pled causes of action, the plaintiff does not not attribute false, misleading practices or misrepresentations specifically to Carroll. The twenty-seven unlawful practices listed in the "laundry list" of Section 17.47(b)(1)-(28) involve deceiving a consumer about the source, quality, or history of a particular good. *See Woodward v. Liberty Mutual Ins. Co.*, No. 3:09-CV-0228-G, 2009 WL 1904840, 2009 U.S. Dist. LEXIS 56257, at *9 (N.D. Tex. July, 2, 2009) (citing Section 17.46(b)). Yet the plaintiff's petition wholly fails to describe how Carroll herself particularly deceived the plaintiff or made misrepresentations to the plaintiff giving rise to liability under the DTPA. The plaintiff has failed to identify a particular representation or act by Carroll which is casually connected to damages sustained by the plaintiff. *See Griggs*, 181 F.3d at 702. There is no basis upon which the boilerplate allegations set forth in Original Petition can be construed as actionable representations sufficient to support a DTPA claim. *See id.*

For similar reasons as discussed above related to the alleged Insurance Code violations, the plaintiff's petition insufficiently states a cause of action under the DTPA against Carroll for purposes of the improper joinder analysis. Carroll is, therefore, also improperly joined on the DTPA claim.

**IV.    Discussion:  The Motion to Dismiss**

As discussed above, Lisa Carroll filed a separate motion to dismiss the causes of action pled against her, arguing that the plaintiff has failed to state a claim.  Other district courts faced with similar circumstances have granted dismissal of the non-diverse defendant after determining that the defendant was improperly joined to defeat jurisdiction.  *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 1437837, 2009 U.S. Dist. LEXIS 43420, at *12 (N.D. Tex. May 22, 2009) (*sua sponte* dismissing improperly joined defendant and entering judgment in that defendant's favor); *see also Lakewood*, 2009 U.S. Dist. LEXIS 99854, at *15-*16 (also ordering dismissal of improperly joined defendant, *sua sponte*).  Based on the Court's improper joinder analysis and the determination that the plaintiff's pleading fails to set forth facts creating a reasonable basis to predict that the plaintiff might be able to recover against Carroll, the Court also finds that the motion to dismiss should be granted.

The undersigned finds that under the circumstances, dismissal of the claims against Carroll should be without prejudice at this time.  *See H&D Enter., Inc. v. Nationwide Prop & Cas. Ins. Co.*, No. 10-4049, 2010 WL 5089836, 2010 U.S. Dist. LEXIS 129002, at *3 (S.D. Tex. Dec. 7, 2010).  The deadline for leave to file amended pleadings without leave of court expired on August 31, 2012.  *See Scheduling Order* (doc. #16).  This does not preclude the plaintiff from filing a motion seeking court leave to amend its pleadings.  *See id.*  ("When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice") (internal citations omitted).[14]

_____

[14]  The Court advises the plaintiff that although Federal Rule of Civil Procedure 15(a) ordinarily governs pretrial amendments to pleadings, the rule is limited by the removal statute, which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter
(continued...)

## V. Conclusion and Recommendation

Based on the findings and legal reasons stated herein, the undersigned United States Magistrate Judge recommends that the District Court **deny** the plaintiff's *Opposed Motion to Remand* (doc. #9). The Court further recommends that defendant Lisa Carroll's *Motion to Dismiss for Failure to State a Claim* (doc. #7) be **granted** and that the plaintiff's causes of action against Carroll be dismissed in their entirety, without prejudice, subject to the Court's findings and directives stated in this report.

## VI. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within fourteen (14) days of

---

[14](...continued)

jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In assessing the apparent conflict between Section 1447(e) and Rule 15(a), courts have held that when an amendment will destroy diversity, leave of court is required. *See Adey/Vandling, Ltd. v. America First Ins. Co.*, No. A-11-CV-1007-LV, 2012 WL 534838, 2012 U.S. Dist. LEXIS 20791, at *4 (W.D. Tex. Feb. 17, 2012) (quoting *Ascension Enters. v. Allied Signal*, 969 F. Supp. 359, 360 (M.D. La. 1997)). In other words, "a party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action." *Id.* Rule 15 does not insulate a plaintiff's attempt to join non-diverse defendants from the command of Section 1447(e). *See Phillip-Stubbs v. Walmart Supercenter*, No. 12-10707, 2012 WL 19524444, 2012 U.S. Dist. LEXIS 76984, at *8-*9 (E.D. Mich. May 25, 2012) (citations omitted). Accordingly, courts have concluded that when the amendment would deprive the court of subject matter jurisdiction, a party may not rely on Rule 15(a) to amend a pleading without leave of court and such amendment is instead controlled by 28 U.S.C. § 1447(e). *Id. See also Buller v. Port Barre Investments, LLC*, No. 09-1307, 2010 WL 1643762, 2010 U.S. Dist. LEXIS 39177, at *4 (W.D. La. April 21, 2010) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180-1181 (5th Cir. 1987)); *Smith v. Robin America, Inc.*, No. H-08-3565, 2009 WL 2485589, 2009 U.S. Dist. LEXIS 69514, at *11 (S.D. Tex. Aug. 7, 2009) (citing *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir.), *cert. denied* 502 U.S. 859 (1991)). Section 1447(e) therefore trumps Rule 15(a). *Adey/Vandling*, 2012 U.S. Dist. LEXIS 20791, at *4. Courts have relatedly held that when an amendment destroys diversity, leave of court is required even though a plaintiff may have filed the amendment within Rule 15(a)'s deadlines. *Brown v. Entrust Admin. Servs.*, No. H-10-5220, 2011 WL 1230275, 2011 U.S. Dist. LEXIS 33620, at *5 (S.D. Tex. March 30, 2011) (internal citations omitted). Furthermore, a "request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction" should not be granted. *Criswell v. Wal-Mart Stores, Inc.*, No. 1:09-CV-502, 2009 WL 5061826, 2009 U.S. Dist. LEXIS 116643, at *6 (E.D. Tex. Dec. 15, 2009) (Crone, J.) (quoting *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999)).

service. Failure to file specific, written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *See Thomas v. An*, 474 U.S. 140, 155 (1985); *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).

**SIGNED this the 5th day of March, 2013.**


_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE